**NAN GEIST FABER, P.C.**
ATTORNEY AT LAW
996 Dartmouth Lane
Woodmere, New York 11598

T. (516) 526-2456                                                                                                          nfaber@nangeistfaber.com
F. (516) 295-2974                                                                                                                 www.nangeistfaber.com

July 28, 2018

<u>VIA ECF</u>
Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-5704

     Re: *Long Island Neurological Associates, P.C. v. Cigna Corporation*
       <u>Case No. 2-18-cv-04017-DRH-AYS</u>
       <u>Plaintiff's Request for Pre-Answer Conference to Obtain Consent to</u>
       <u>File an Objection to Defendant's Notice of Removal of Case to Federal</u>
       <u>Court and Remand this Case to the Supreme Court</u>

Dear Judge Hurley:

  Plaintiff, Long Island Neurosurgical Associates, P.C. ("Plaintiff" or "LINA"), respectfully requests a pre-answer conference with the Court to obtain consent for Plaintiff to move to file an objection to Defendant Cigna Corporation's ("Defendant") Notice of Removal in which Defendant removed this lawsuit from Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York (the "Federal Court"). Plaintiff respectfully submits the following as the basis for objection for removal to this Court pursuant to 28 U.S.C. §1441. *et. seq.* and §1446(a) and for remanding this action to state court.

**INTRODUCTION AND FACTS**

  Plaintiff commenced this action by filing a Summons and Complaint in the Supreme Court of the County of Nassau, State of New York, entitled *Long Island Neurosurgical Associates, P.C. v Cigna Corporation,* Index No.: 608504/2018 ("the state court action"). The Summons and Complaint were served upon Defendant on June 28, 2018. Attached as Exhibit "A" to Defendant's moving papers are copies of Plaintiff's Summons and Complaint.

  The Complaint in the state court action essentially seeks relief arising from Defendant's failure to sufficiently reimburse Plaintiff for medical services rendered provided to patient Ms. X, Cigna ID Number U4989107705 on June 20, 2017 in connection with Ms. X's medical insurance policy with Defendant (the "Policy"). Prior to commencing this lawsuit, Plaintiff, Plaintiff's billing company had sent invoices, letters and other communications to Defendant that the claim for these services was processed at an erroneously low rate based upon the terms of the policy in Plaintiff's possession and should be reprocessed. Plaintiff then engaged the

undersigned and after unsuccessful attempts of resolving this matter, the undersigned commenced this action in state court based upon breach of contract and unjust enrichment plus interest and other relief.

On or about July 18, 2018, Defendant served a Notice of Removal along with a Notice of Filing Notice of Removal to the United States District Court for the Eastern District of New York to remove Plaintiff's action to Federal Court, attached to Defendant's moving papers as Exhibit "B."

### PLAINTIFF'S CLAIM SHOULD NOT BE REMOVED TO FEDERAL COURT AS IT WAS BROUGHT CORRECTLY IN STATE COURT AND MAY BE HEARD IN STATE COURT

This claim brought by Plaintiff may be heard in the state court as it is an action that may be heard in the state court. Defendant alleges in ¶14 of the Notice of Removal that "Upon information and belief, all the causes of action in the Verified Complaint and at issue in this matter are covered by health plans provided as an employee benefit and thus are governed by ERISA." Just because Defendant alleges that "Upon information and belief…" it may be governed by ERISA, does not conclusively confirm that the causes of action are *in fact* governed by ERISA. Defendant has removed this lawsuit to Federal Court based upon a mere belief.

Defendant has not provided any documentation to Plaintiff to demonstrate that the causes of action are *in fact or conclusively* governed by ERISA. The words, "Upon information and belief…" are speculative not an unequivocal basis for this matter to be removed and heard in Federal Court.

Plaintiff brought this action against Defendant timely and appropriately in the state court. There is no reason to have this action removed to Federal Court. Plaintiff's office is located in Nassau County, the same county where the action was brought. The services were rendered at Long Island Jewish Medical Center in New Hyde Park, New York, also located in Nassau County. The action commenced by Plaintiff was brought in Nassau County, a proper venue and court for the action. Defendant is seeking to remove this case to Eastern District of New York which is not a convenient forum for Plaintiff, the party that commenced this action after numerous communications, including letters, emails and telephone calls that transpired between Plaintiff and Defendant in an attempt by Plaintiff to resolve this matter.

After Plaintiff expended time and money, Defendant seeks to delay the prosecution of this action by filing its Notice to Remove merely based its unsubstantiated presumption that "Upon information and belief" the causes of action are governed by ERISA, rather than filing its Answer in state court, knowing that with an ERISA action may be heard in state or Federal Court. Therefore, since it is uncertain whether this case concerns ERISA, the action *may properly* be heard in state court. If there are any ERISA causes of action in this lawsuit, the causes of action may nevertheless remain in state court no evidence to the contrary has been provided to Plaintiff at the time Defendant removed this action to Federal Court.

Regardless, as of today, based upon the information known to both attorneys for Plaintiff and Defendant, the legal and equitable claims stated in the Verified Complaint are not based upon ERISA and may be heard in state court. Consequently, all of the Plaintiff's claims are not

exclusively resolvable in Federal Court, and it is not a requirement to remove a case with an ERISA claim to Federal Court.

Moreover, Plaintiff does possess a copy of Defendant's policy with the patient Ms. X. and has no basis to know or believe that the Plaintiff was a beneficiary under a plan governed by "ERISA" as defined in Defendant's moving papers.  On the contrary, Plaintiff's documentation of the coverage for patient indicates that this is a health plan through Defendant Cigna.

Justice will not be had by removing this action to Federal Court, wasting the Federal Court's time with this type of action and only resulting in greater costs, time and inconvenience to Plaintiff who has already been damaged by Defendant's frivolous failure to pay Plaintiff for the medical services rendered for the benefit of patient Ms. X.

In conclusion, LINA maintains that this action was not properly removable to Federal Court. Regardless of any evidence that Defendant may hereafter submit, the action may be heard in state court.  Defendant had no absolute basis to remove this action to Federal Court.  LINA requests that this Honorable Court grant LINA the opportunity to file an Objection to Defendant's Notice of Removal of this action to the Federal Court, or in the alternative, that this Court remand the case to state court.

    Respectfully submitted,

    /s/ Nan Geist Faber

    Nan Geist Faber

cc: All Counsel of Record (via ECF)